UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
BRYAN FLORES, *et al.*,

                           Plaintiffs,

   -against-

RG LABOR SERVICES, INC., *et al*,

                         Defendants.
------------------------------------------------------------------------- x

REPORT &
RECOMMENDATION
20cv1036 (RRM) (SMG)

GOLD, STEVEN M., U.S. Magistrate Judge:

      Plaintiffs in this case bring claims under the Fair Labor Standards Act.  The parties have submitted a letter motion dated December 2, 2020, seeking approval of a settlement agreement they have reached.  By Order dated December 3, 2020, Chief United States District Judge Mauskopf referred the parties' motion to me for Report and Recommendation.  Dkt. 29.

      After reviewing the letter submitted by the parties as well as the settlement agreement itself, Dkt. 27-1, I issued an order seeking additional information, to which plaintiffs responded on December 9, 2020, Dkt. 30.  Having considered the supplemental information as well as the original letter motion and the agreement, I respectfully recommend that the motion for settlement approval be denied unless the parties amend their agreement and supplement their motion for approval as indicated below.

      I start by noting some concern about whether "the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Information Networking Computing, USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (internal quotations and citation omitted).  *See also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  The net amount plaintiffs

will recover under the settlement agreement is $165,712.  Letter dated Dec. 2, 2020, at 3, Dkt. 27.  Yet plaintiffs assert that they are owed unpaid wages totaling $250,000 to $300,000, and that they would recover liquidated damages and penalties in addition to that amount, as well as attorney's fees, if they proceeded to trial.  *Id.* at 2.  Plaintiffs justify settling for an amount substantially less than even the wages they contend are due by pointing to records maintained by defendants indicating that plaintiffs did not work as many hours as they claim.  *Id*.  But plaintiffs do not indicate how many hours are reflected in defendants' records, and what wages would be due and owing to them if defendants' records are accepted to be accurate.  Nor do plaintiffs explain why they continue to assert that they are owed more than indicated in defendants' records, and what the strength of their proof at trial that defendants' records are not accurate would be.  The Court is therefore unable to conclude that the agreement reflects a reasonable compromise.

As indicated in the Order entered on December 2, 2020, the language of the release in the settlement agreement is somewhat confusing.  Counsel have since represented, however, that the release is intended to apply only to wage and hour claims plaintiffs had or may have had at the time the releases were executed.  Letter dated Dec. 9, 2020 at 2, Dkt. 30.  With that understanding, the Court's concerns about the scope of the release are satisfied.

Finally, the Court declines to recommend approval of the requested attorney's fees.  The settlement agreement provides for plaintiffs' counsel to be paid fees in the amount of one-third of the settlement, less costs, or $82,856.  Letter dated Dec. 2, 2020, at 3.  Counsel's lodestar, however, is only $34,392.50.  Letter dated Dec. 9, 2020, Ex. 1.  Courts reviewing settlement agreements under the FLSA have held that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Sakiko*

*Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424, 439 (S.D.N.Y. 2014). The plaintiffs' bar is presumably selective enough with the cases they take on to win a recovery in at least half of them. A multiplier near 2 compensates them appropriately. *Trinidad v. Pret a Manger (USA) Ltd.*, 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014) (multiplier of 1.82 gives class counsel "ample credit for the effort and risk" in FLSA and NYLL class action). Even courts that apply a "percentage of the fund" method, under which awards of one third or less of the settlement amount are generally accepted, also "review counsel's billing records to ensure that a seemingly reasonable contingency agreement or other percentage-of-the-fund award is not, in fact, unreasonable." *Garcia v. Good for Life by 81, Inc.*, 2018 WL 3559171, at *3 (S.D.N.Y. July 12, 2018). Plaintiffs have not identified any aspect of this case that renders it particularly complex or difficult, nor have they otherwise justified attorney's fees totaling more than twice counsel's lodestar.

      For all these reasons, I respectfully recommend that the motion for approval of the parties' settlement be denied unless, within the time for filing objections to this report, the parties modify their agreement and provide additional information that addresses the concerns noted above. Objections to the recommendations made in this Report must be submitted within fourteen days after filing of the Report and, in any event, no later than December 28, 2020. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).

                                                                                 /s/
                                                          Steven M. Gold
                                                          United States Magistrate Judge

Brooklyn, New York
December 14, 2020
U:\Flores 20-1036.docx